Hudson vs. Duke.

No. 86.—JOHN HUDSON, plaintiff in error, *vs.* HENRY N. DUKE, defendant in error.

No. 87.—HENRY N. DUKE, plaintiff in error, *vs.* JOHN HUDSON, defendant in error.

These two cases were consolidated and heard together.

[1.] Do the words, "punctually pay," in a bond for titles, make it a forfeit bond? Quere ?

[2.] Where the payments in a bond for titles are specified, and the condition is, that the bond is to be void unless the payments are punctually made; still, if the obligor is called upon within a reasonable time, and the purchase money tendered or offered to be paid, and the vendor refuses either to receive the money or rescind the trade, he will be held to have elected to abide by the contract, and a Court of Equity will decree its execution.

In Equity, in Taylor Superior Court. Tried before Judge WORRILL, at October Term, 1856.

This was a bill filed by John Hudson, assignee of William Smith, against Henry N. Duke, to compel the specific performance of an agreement for the sale and conveyance of a lot of land.

The bill alleges that on the 4th December, 1847, Duke executed his bond, to make titles to a lot of land situated in Taylor county, to Smith, on Smith's paying to him the sum of one hundred and eighty dollars; one hundred dollars to be paid the 25th day of December, 1848, and eighty dollars to be paid the 25th day of December, 1849; and if said *Smith should punctually pay said sums, then the above bond to remain in full force and virtue, otherwise to be null and void.* That Smith went into possession of the land about the 1st January, 1848, and made improvements thereon—That about 1st of March, 1849, he paid to Duke, in part of the hundred dollars due 25th December preceding, the sum of fifty dollars. That the original price or purchase money was $250; and that Smith paid fifty dollars in a horse he let Duke have, before the execution of the bond for titles, which left $180, the amount named in said bond.

The bill further states, that about 1st of January, 1850, for valuable consideration, Smith assigned said bond to complainant, as per endorsement thereon, and that shortly thereafter, complainant went to Duke and tendered to him the balance of the purchase money, exhibited said bond with the transfer thereon, and demanded titles for the land, which Duke refused to execute.

The bill prays that upon the payment of the balance of the said purchase money, which complainant offers to pay, that defendant be compelled to execute to him a deed to said land.

The answer admits most of the allegations of the bill, but claims that time was of the essence of the contract, and that

Hudson vs. Duke.

Smith not making punctual payments at the time stipulated in said contract, forfeited all benefit and right under the same. That Smith has run away; and denies that complainant exhibited the bond and demanded title as stated in his bill.

Several witnesses were examined, who proved most of the material allegations of the bill.

The jury found for the defendant; and complainant moved the Court below for a new trial, on the grounds—

1st. Because the verdict of the jury was contrary to evidence, against the weight of evidence, and without evidence to support it.

2d. Because said verdict was contrary to law and equity.

3d. Because said verdict was contrary to the charge of the Court.

The rule Nisi for new trial was granted at April Term, 1856, and was heard at October Term thereafter, when complainant moved to amend the rule by adding, as a 4th ground, because of newly discovered evidence; which amendment was allowed; and defendant excepted, and thereon assigns error.

After argument on the rule nisi, and motion for new trial, as amended, the presiding Judge made the rule absolute on the ground of newly discovered evidence, and on that ground only; and to this ruling and decision, granting the motion on this ground only, complainant excepted, and assigns error thereon.

And defendant excepted, because the motion was granted at all.

MILLER and HOLSEY, for complainant.

G. R. HUNTER, for defendant.

*By the Court.*—LUMPKIN, J. delivering the opinion.

A new trial was asked for in this case, on four grounds: Because 1st. The verdict was contrary to evidence: 2d. To

law: 3d. To the charge of the Court; and 4th. On account of newly discovered evidence. The Court sustained the motion on the fourth ground, overruling the other three. The defendant excepted to the first, and the complainant to the other ruling.

We remark—to save trouble and expense in future, that there was no necessity but for one bill of exceptions in this case. The judgment below was, that there should be a new trial; and the question for us is, was that judgment right? If wrong for the reason given, and yet right for the reasons which were omitted, still the judgment must stand; all the grounds therefore, in this, and every similar case, must necessarily be considered by this Court.

[1.] As to the ground of newly discovered evidence, it is rather slight. Rogers, the witness, was examined on the trial. His testimony sought is not materially different from that which was given. It may be noticed that the bill was filed at the instance of the assignee, not the obligee of the bond. Still, if the decision rested upon this ground alone, we might hesitate in affirming the judgment.

[2.] But in the view we take of this case, the judgment should be sustained for a better reason. Some of us have strong doubts whether the bond, in this case, is anything more than title bonds are generally, namely, security for the purchase money, in the nature of a mortgage; the vendor retaining the title to enforce the payment of the purchase money. That notwithstanding the words "punctually paid" are in it, still it is not a forfeit bond.

But considering all that the defendant claims in this case, that time was of the essence of the contract; how stands the case? Fifty dollars in property was paid at the time of the trade; one hundred dollars was to be paid December, 1848, and eighty more twelve months thereafter. In Febru ary 1849, after the first note fell due, Duke received fifty dollars of Smith, which was credited on the $100 note. This was certainly a waiver of the failure to pay punctually the first

note. There was no abandonment of the contract by Duke at that time. He says to-be-sure, in his answer, that he took the money conditionally, viz : provided the residue was paid in five days. But the proof overthrows that statement, and it might be plausibly argued at least, that from his conduct on this occasion, and failure to notify Smith that he should insist on a strict compliance in future, as to the last payment, that it was calculated to lull Smith into security upon that point. But passing by all this.

The last note fell due Dec. 1849. The 1st of June 1850, Hudson calls on Duke, offers to pay the whole balance of the purchase money and take a deed. Duke declines, and insists that he is entitled to hold on to the $100 paid him and to withhold the titles ; and this was his interpretation of the contract. He did not refuse to refund, because Smith and not Hudson, was entitled to restitution. But because neither were.

Now it will not be pretended that this is the law and equity between these parties. Duke was bound to elect, to execute *in toto*, or rescind *in toto*, and having refused to do the latter, he will be compelled to do the former. Had he offered to put the parties back where they originally stood, his case might have been different. I do not say that it would have been.

But further ; he does not object on account of the advance of real estate, or the altered circumstances of the parties, or insist on the abandonment of the contract by Smith. He simply decides to hold on to all he has got under the trade, and the titles too. This he cannot do, and we repeat, that failing to rescind at the proper time, when called on to do so, it is too late now. The offer to pay will be considered to have been made within a reasonable time ; and a Court of Equity will decree, that titles shall be made, upon the payment of the purchase money.

New trial granted.