### 17052.   EDISON *v.* PLANT BROTHERS & CO. INC.

1. Where a purchaser of goods renounces the contract of sale prior to their delivery by notifying the seller to cancel the order, but the seller, refusing to accept such tender of breach, thereafter delivers the goods to a carrier for transportation to the purchaser, who, after their arrival at destination, refuses acceptance, and the seller proceeds to store them for the purchaser and brings suit on the contract for the purchase price, such a mere ineffective tender of delivery on the part of the seller would not amount to a waiver on his part of his right to such a procedure under section 4131 of the Civil Code (1910), but he is still entitled to pursue the remedy therein provided for, by suing, not on open account for goods sold and delivered, but upon the contract for the purchase price of the goods thus retained by the purchaser. *Dunaway v. Colt,* 26 *Ga. App.* 554 (106 S. E. 599) ; *Southern Flour Co. v. St. Louis Grain Co.,* 11 *Ga. App.* 401 (75 S. E. 439) ; *American Mfg. Co. v. Champion Mfg. Co.,* 13 *Ga. App.* 551 (79 S. E. 485) ; *Phosphate Mining Co. v. Atlanta Oil Co.,* 20 *Ga. App.* 660 (93 S. E. 532). The ruling made in *White & Hamilton Lumber Co. v. Lynch,* 159 *Ga.* 283 (125 S. E. 472), is inapplicable under the facts of the instant case. In that case the seller accepted the tender of the breach and brought an action for damages therefor. Nor does the ruling laid down in that case, with reference to the measure of damages for goods to be manufactured, where the contract is breached prior to manufacture of the goods, have application, since in the instant case it appears that at the time when notice was given that the goods would not be accepted, the major portion of them was already crated for shipment, and the remaining portion was practically ready for shipment.

2. Where an executory contract for the purchase of goods of more than $50 was evidenced by a memorandum order written in duplicate by the salesman of the vendor, which order was afterwards accepted by the vendor, and where on a suit for the purchase price of the goods the vendee defended by setting up that under the terms of the order as evidenced by his duplicate copy of the memorandum the goods were to be delivered not later than a certain date, and where it appears that the order sued on was recognized by the parties to the agreement, the vendee specifically referring in one of his letters to the terms governing delivery as set forth by his duplicate order, such reference to such order, though the same was originally unsigned by the party to be charged, is sufficient to take the contract out of the statute of frauds. *Frank v. White & Meyer Neckwear Co.,* 29 *Ga. App.* 694 (2) (116 S. E. 855). Moreover, the jury were authorized to find that the special manufactur-

ing of the goods done in compliance with the intent and purpose of the order, and within the time specified, amounted to such part performance of the contract on the part of the vendor as would render it a fraud on the part of the vendee to refuse acceptance. Civil Code (1910), § 3223 (3).

3. While it is a general rule that in construing a contract the written portion shall take precedence over the printed portion when in conflict, it is nevertheless the duty of the courts to give effect to the entire contract when possible. Accordingly, where the order form had the printed words "ship about" followed by a blank, which was filled in by adding the words "October 10, sure, complete," so that the terms of shipment should read "ship about October 10, sure, complete," both the printed and the written language, not being in conflict, should be given effect, and the purpose of this provision must be taken to mean that the goods would certainly be shipped in their entirety about October 10. Under such an agreement, it was a question for the jury whether the shipment made on October 22 was in compliance with the terms of the agreement.

4. Under the rulings set forth above, the exceptions taken to the order refusing a new trial are without merit.

DECIDED SEPTEMBER 14, 1926.

Complaint; from city court of Atlanta—Judge Reid. November 28, 1925.

*Mayson & Johnson,* for plaintiff in error.

*W. S. Dillon, W. J. Davis Jr.,* contra.

JENKINS, P. J. The defendant, trading as Black Shoe Store, on August 23, 1923, gave to the plaintiff's salesman in Boston an order for certain shoes, to be specially manufactured, of which order the salesman made a duplicate memorandum, setting forth the shoes ordered, the price of each style, the terms of the sale, and the following notation of shipment, "Ship about October 10th, sure, complete." This memorandum, a duplicate of which was furnished defendant, was not signed by him, and the order was taken subject to the acceptance of the plaintiff, who was a shoe manufacturer. The plaintiff wrote the defendant under date of August 27, 1923, that it could not supply certain of the shoes ordered, and requested permission to make certain substitutions, stating that if permission for such substitutions should be sent by return mail the plaintiff would be able to give the same delivery date on the substituted articles as outlined on the original order. The defendant wrote the plaintiff under date of August 27, 1923, requesting an acknowledgment of the order placed in the plaintiff's Boston office on August 23, "delivery of which was to be complete by October 1st to 10th." In reply to the defendant's letter of

August 27, the plaintiff wrote the defendant on August 30, recit-ing its previous acknowledgment of the order, and stating that "this order will receive our careful attention and we will do our utmost to give you shipment by October 10th." On September 1, 1923, the defendant wrote the plaintiff, declining to allow the sub-stitution mentioned in the plaintiff's letter of August 27, and stating that "we are going to ask that you kindly let the balance of order come out as originally given." The plaintiff proceeded with the manufacture of the shoes, and on October 10, 1923, had about two thirds of the order ready for shipment, and the re-mainder of the order practically complete. On October 12, 1923, the defendant wired the plaintiff to cancel the order of August 23, stating that shipments were promised October 1, to be complete by October 10, and "we can not use these shoes now." Follow-ing this telegram, the defendant wrote the plaintiff on October 13, confirming the telegram, to which letter and telegram the plaintiff replied on October 16, declining to cancel the order. The defendant wrote the plaintiff under date of October 19, replying to its letter of the 16th, in part as follows: "The young lady who accepted our order agreed to take care of us and make ship-ment by October 1st, with shipments complete by October 10th, and it so specifies in our duplicate." On October 22 the plain-tiff shipped the shoes by express to the defendant at Atlanta, Geor-gia, and they were tendered to the defendant on the 24th and rejected, the defendant writing the plaintiff on that date as fol-lows: "We may also add that the express company this day of-fered the delivery of your shipment which is covered by your in-voice under date of October 22, and we refuse to accept them, inasmuch as you shipped these shoes so late after receiving our cancellation." Whereupon the plaintiff stored the goods for the defendant and brought suit for the contract price thereof. The defendant contended that the plaintiff breached its contract in not shipping the shoes ordered within the time specified by the con-tract. The salesman to whom the order was given testified that nothing was said by the defendant at the time the order was given about any other shipping date than October 10, and that she told the defendant the plaintiff would try to get the shoes to him about October 10.

The jury returned a verdict in favor of the plaintiff for the

amount of the purchase price, the defendant's motion for a new trial was overruled, and to this judgment of the court exception is now taken.

Judgment affirmed. *Stephens and Bell, JJ., concur.*