18735. HERRING MOTOR COMPANY INC. *v.* BELIN.

DECIDED NOVEMBER 16, 1928.

*George L. Sabados, M. B. Peacock, Bennel & Peacock,* for plaintiff in error.

*Cowart & Durden,* contra.

JENKINS, P. J. 1. "Time is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." Civil Code (1910), § 4268 (8). Where a time is fixed for delivery, but there is no express stipulation that it shall be of the essence of the contract, it is a matter of construc-

tion as to whether the time fixed is of the essence of the contract. *Alabama Construction Co.* v. *Continental Car &c. Co.*, 131 *Ga.* 365, 368 (62 S. E. 160); *Augusta Factory* v. *Mente*, 132 *Ga.* 503, 509 (64 S. E. 553). Where no time is fixed for delivery, or the contract is indefinite as to the time, the law implies that it shall be within a reasonable time, and what is a reasonable time is a matter of fact, to be determined by a jury under all the circumstances of the case. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (58 S. E. 200); *Georgia Agricultural Works* v. *Price*, 11 *Ga. App.* 80, 85 (74 S. E. 718); *Edison* v. *Plant*, 35 *Ga. App.* 683 (3) (134 S. E. 627).

2. Where the plaintiff entered into an agreement with an automobile dealer whereby the dealer was to take the plaintiff's old car at an agreed valuation of $600, $300 of which was to be applied to the purchase of a new car, and the remaining $300 to be paid, as was done, to the plaintiff in cash, the new car to be delivered "on or about three to six months," and where, the new car not having been delivered by the dealer, the plaintiff, within two days after the expiration of the six-months period, brought suit for the remaining $300, which, under the agreement, was to be allowed on the purchase-price of the new car, alleging in his petition that the defendant had failed and refused to deliver the automobile contracted for, the petition was not subject to demurrer, nor was the verdict for the plaintiff unauthorized, on the theory that the suit was prematurely brought, since, even though under the terms of the agreement time might not properly be taken to be of the essence of the contract, it was for the jury to say, under the charge of the court, what, under the circumstances, amounted to a reasonable time for performance by the defendant. The facts and circumstances in the instant case differ from those recited in *Cobb Lumber Co.* v. *Sunny South Grain Co.*, 36 *Ga. App.* 140 (135 S. E. 759), where it was held that the delay of a single day in the shipment of goods which were to be delivered on a given date, "or as ordered out" by the vendee, would not void the rights of the vendor, either as a matter of law, on the theory that time was of the essence of the contract, or as a matter of fact on the theory that the delivery was not made within a reasonable time. In the *Cobb Lumber Co.* case not only was the time for delivery indefinite, but control of the shipment lay altogether within the power of the vendee until

the day prior to the date of actual shipment, with the exclusive right on the part of the vendee up to that time to accelerate or defer shipment at his will. In the instant case the vendor was given exclusive latitude as to time of delivery "on or about three to six months," but having failed to deliver within the ultimate six months limit, it was for the jury to say if the additional two days' delay was unreasonable. Moreover, there was evidence in the instant case on behalf of the plaintiff, admitted without objection, tending to establish an absolute refusal by the defendant to perform, such as would authorize the verdict on the theory of an anticipatory breach of the contract by the defendant, permitting the plaintiff to sue at once and recover his entire damages, without waiting for the expiration of the time for performance. *Phosphate Mining Co.* v. *Atlanta Oil &c. Co.*, 20 *Ga. App.* 660 (93 S. E. 532) ; *Southern Ry. Co.* v. *Branch,* 9 *Ga. App.* 310 (71 S. E. 696) ; *Napier* v. *Strong,* 19 *Ga. App.* 401 (2) (91 S. E. 579).

> *Judgment affirmed. Stephens and Bell, JJ., concur.*