WESTERN & ATLANTIC RAILROAD *v.* MICHAEL.

No. 9676. NOVEMBER 10, 1933. REHEARING DENIED DECEMBER 28, 1933.

*Fitzgerald Hall, Walton Whitwell,* and *Mitchell & Mitchell,* for plaintiff in error.

*J. A. McFarland* and *R. C. Pittman,* contra.

HILL, J. Mrs. Vinnie Michael brought suit in 1929 for damages for the homicide of her minor son, who was twelve years of age, and who was killed, while crossing the tracks on his way to school, by a passenger-train which was moving on a side-track while a freight-train was passing on the main track of the company. The case has been to this court twice, and to the Court of Appeals twice. *Western & Atlantic Railroad Co.* v. *Michael,* 172 *Ga.* 561 (158 S. E. 426), 175 *Ga.* 1 (165 S. E. 37), 43 *Ga. App.* 703 (160 S. E. 93), 44 *Ga. App.* 503 (162 S. E. 294). A full statement of the facts in the case appears in 175 *Ga.* 1, and in 44 *Ga. App.* 503.

The railroad company filed an amendment to its answer, in which it raised a question of the constitutionality of the two sections of the Civil Code of 1910 under which this case was brought, which are as follows: § 4424. "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife, and if she leave child or children surviving, said husband and children shall sue jointly, and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit if either die pending the action. A mother, or if no mother, a father, may recover for the homicide of a child minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leave a wife, hus-

band, or child. Said mother or father shall be entitled to recover the full value of the life of said child. In cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed, in which event the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustained by the next of kin." § 4425. "The word 'homicide,' used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence. Where recovery is had by the administrator, the measure of recovery shall be as provided in the preceding section, and the administrator shall hold the amount of the recovery for the benefit of the next of kin, if dependent, or to whose support the deceased contributed. In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased; and no recovery had under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband or parent. The full value of the life of the deceased, as shown by the evidence, is the full value of the title of the deceased without deduction for necessary or other personal expenses of the deceased had he lived." The ground of attack on these provisions of the Code is that they violate the due-process and equal-protection clauses of the constitution of the United States. The judge disallowed the amendment, and the railroad company excepted to that ruling. This identical question was raised, and was passed on by the Supreme Court adversely to the railroad company, in 175 *Ga.* 1 (8), supra. The court did not err in disallowing the amendment.

The case was tried, and a verdict was returned in favor of the plaintiff in the sum of $15,708. The defendant excepted to the overruling of its motion for new trial. The first special ground of the motion for new trial is but an elaboration of the general grounds.

Special ground two assigns error because the court admitted, over objection, the following testimony of Manson Michael, the

husband of the plaintiff: "My physical condition, with reference to ability to earn a livelihood for my wife and family at the time J. M. Michael Jr. was killed, was I had a crushed ankle, a broke-up ankle, and I couldn't walk at that time. I wasn't hardly able to put my foot to the ground, sort of able to bear a light weight on it; it had been done something like six months when the boy was killed." The objection was that under the Civil Code (1910), §§ 4424, 4425, the plaintiff was entitled to recover the full value of the life of the deceased, without any reduction for personal expenses, and the testimony complained of was irrelevant, immaterial, and inadmissible. This evidence tended to show that the husband of the plaintiff was unable to work and contribute to her support, and that she was dependent, in part at least, upon the deceased for a livelihood. Under these sections of the Code the full value of the life of the deceased would be measured in part by the value of his services to the plaintiff, without any reduction for personal expenses. In *Augusta Ry. Co.* v. *Glover,* 92 *Ga.* 132 (5) (18 S. E. 406), it was held that "Evidence of the father's physical disability to labor is admissible in behalf of the mother, as tending to show her partial dependence on the minor son whose homicide is complained of." The court did not err, for the reasons urged, in admitting the testimony.

■ Special ground 3 assigns error because the court refused to direct a verdict for the defendant, on the ground that the statute under which the present suit was brought (§§ 4424-5, supra) is null and void as being violative of the due-process and equal-protection clauses of the constitution of the United States. This court has held that these sections are not violative of these clauses of the constitution of the United States. 175 *Ga.* 1 (8), supra. Moreover, it is never error to refuse to direct a verdict. See *Rubin* v. *Hardin,* 173 *Ga.* 127 (2) (159 S. E. 711).

■ Ground 4 assigns error because the court refused a request to charge the jury to the effect that Civil Code §§ 4424-4425 are unconstitutional. The court did not err in refusing this request. *W. & A. R. Co.* v. *Michael,* supra. Ground 5 assigns error because the court refused a request to give in charge to the jury the following: "I charge you that if you find from the evidence in this case that the plaintiff is entitled to recover damages, then I charge you that the measure of her recovery must be limited to the actual

monetary loss sustained by her by reason of the homicide of her son." It is contended that this is the correct rule for a recovery in the present case, because Civil Code §§ 4424-4425 are unconstitutional. As it has been held that these sections are not unconstitutional, the refusal to give the requested charge to the jury was not error.

■ Ground 6 assigns error because the court charged the jury as follows: "Our law provides that a mother may, if otherwise entitled to recover, recover for the homicide of a minor child upon whom she is dependent either in whole or in part, and who actually contributes substantially to her support, unless said child leave a wife or child. If otherwise entitled to recover, such mother shall be entitled to recover the full value of the life of said child as shown by the evidence, without deduction for necessary or other personal expenses of the deceased had he lived." This excerpt is a part of the Civil Code (1910), §§ 4424-4425, and the court did not err in giving it in charge; the ground of attack on the charge being that these code sections are unconstitutional.

■ Ground 7 assigns error because the verdict and judgment are illegal, contrary to law, contrary to the evidence, and without evidence to support them, for the reason that they allow interest upon discretionary and unliquidated damages. The verdict is as follows: "October 7, 1932. We, the jury, find the verdict in favor of the plaintiff in the sum of $12,500, with interest at 7% for three years and 8 months which is $3,208. The total amount of which is $15,708." The judgment based on this verdict is: "Whereupon it is considered, ordered, and adjudged, that the plaintiff, Mrs. Vinnie Michael, do have and recover of the defendant, Western & Atlantic Railroad, the sum of $15,708 and also $.... costs for the use of officers of court." It will be seen that while the jury calculated the amount of interest on the principal sum, and found it to be due, and while this is irregular, yet the jury returned a verdict for a total amount as damages of $15,708, and the judgment is for this sum as damages. In *Mayor &c. of Milledgeville* v. *Stembridge*, 139 *Ga.* 692 (3) (78 S. E. 35), this court held: "In actions ex delicto the jury may allow interest as part of the damages. If interest is allowed, it is not recoverable eo nomine, and the verdict should express the damages in an aggregate sum. But verdicts are to be given a reasonable intend-

ment; and where the jury returned a verdict in an ex delicto action for the plaintiff 'the sum of $200 principal, interest $47.82, making principal and interest $247.82,' it will be upheld as a finding for $247.82 damages. *W. & A. R. Co.* v. *Brown,* 102 *Ga.* 13 (29 S. E. 130); *T., T. & G. R. Co.* v. *Butler,* 4 *Ga. App.* 191 (60 S. E. 1087)." The verdict and judgment are not illegal and void as contended.

■ The eighth ground complains because, as alleged, that the verdict allowing damages in the sum of $15,708 is excessive, and must have been the result of prejudice, caprice, bias, or undue influence. The verdict was not excessive, and this ground of complaint is without merit. See *Southern Ry. Co.* v. *Brock,* 132 *Ga.* 858 (64 S. E. 1083), a case somewhat similar to the one here, and where this court upheld a verdict for $20,000 damages. For instances in which large verdicts have been sustained where no error of law had been committed, see *Georgia Pacific Ry. Co.* v. *Dooley,* 86 *Ga.* 294 (12 S. E. 923, 12 L. R. A. 342); *Richmond & Danville R. Co.* v. *Allison,* 89 *Ga.* 567 (16 S. E. 834); *Atlantic Coast Line R. Co.* v. *Jones,* 132 *Ga.* 189 (63 S. E. 834); *Merchants & Miners Transportation Co.* v. *Corcoran,* 4 *Ga. App.* 654 (62 S. E. 130); *Seaboard Air-Line Ry. Co.* v. *Miller,* 5 *Ga. App.* 402 (63 S. E. 299).

■■ The evidence authorized the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed.* *All the Justices concur.*