### FOX *v.* LOFTON *et al.*

457

No. 12210.   FEBRUARY 17, 1938.

*Clarence T. Guyton,* for plaintiff in error.

*George W. Fetzer* and *Perry Brannen,* contra.

GRICE, Justice. ■ The rulings stated in headnotes 1, 2, and 3 require no elaboration.

■ There was sufficient evidence to justify the jury in concluding that at the time of his death Jackson Morgan owned the land in dispute. It affirmatively appears that he has an administrator, and no reason is shown why the administrator is not the proper plaintiff instead of his heirs at law; but no point was made as to this in the trial court or in the briefs in this court. The proof shows that he left as his heirs at law, besides the plaintiffs, a son William, who died shortly after his father, leaving children, who, so far as the record discloses, are still in life. It is contended by defendants in error that Jackson Morgan in his lifetime gave his son William other land, and that he reserved for his daughters that part of the tract which is involved in this suit. There is evidence that William moved on a certain 24 acres, built a cabin and lived there; and a witness testified that the father gave him the 24 acres, "intending that the 46 acres should be equally divided between the three daughters." Another witness swore that the father said he gave to William 24 acres. There was other testimony that "I only know what he [the father] told me, and that it was his intention to give that place to William, and he left the rest of it to the girls." This is far from sufficient to show that William as an heir at law did not inherit an interest in the other portion, to wit, the premises in dispute. There may be an inference that when the father settled the son on part of the tract he thereby intended that the son should release any expectancy in the rest of it; but there is no evidence of this.

There is another reason why the verdict can not stand. Marie Harden is one of the plaintiffs. Since the other plaintiffs, except

Nettie Collins Lofton and Florence Gadson, are the children of Bessie, it follows that Marie and Florence are the children of Mary. Nettie Collins Lofton testified that "Mary left three children; there is one living now, Florence." The conclusion seems to be inevitable, therefore, that at the time of the trial one of the plaintiffs was dead. It is unnecessary to determine whether the proof is sufficient to show that Fox's possession originated in fraud, so as to prevent him from acquiring a prescriptive title to the land. A new trial should have been granted.

*Judgment reversed. All the Justices concur.*