45271.   PADGETT v. BRYANT.

Argued April 14, 1970—Decided May 26, 1970.

810

*Aynes, Feldman & Genins, R. John Genins,* for appellant.

*Nightingale, Liles & Dennard, B. N. Nightingale,* for appellee.

EVANS, Judge. ■ Under our present notice pleadings, the plaintiff alleges damages arising out of a continued refusal of the defendant to consummate the sale of land or to clear the objections affecting the marketability of title. The contract attached to the petition required the seller to "furnish a marketable title," the "same to be conveyed free and clear of all liens, easements, assessments, restrictions, covenants, encroachments, and/or encumbrances." The contract provided that the purchaser would have a reasonable time after acceptance to examine the title and a reasonable time in which to furnish seller with

a written statement of objections affecting the marketability of the title with the corresponding right on the seller's part thereafter, within a reasonable time, to satisfy all such valid objections. The total acreage was not known at the time of executing the contract, but it was provided therein that the purchaser should have the described tract of land surveyed to determine the exact acreage, and, in the event of defective title which was not cleared up, the expense of said survey was to be reimbursed by the seller to the purchaser. The price agreed upon for said sale was $167 per acre. The plaintiff alleges, in substance, that within the time provided by the contract, plaintiff notified defendant of certain objections to the title; that the defendant refused to perfect the title, and that his conduct was fraudulent because he had personal knowledge when he entered the contract that the title was insufficient. A claim for damages resulting from the breach is alleged. *Harper v. DeFreitas,* 117 Ga. App. 236 (1) (160 SE2d 260); *Ghitter v. Edge,* 118 Ga. App. 750, 752 (165 SE2d 598). Time was not of the essence of this contract, in requiring 90 days to close the sale, since no language was used voiding the contract after 90 days. *Mangum v. Jones,* 205 Ga. 661 (54 SE2d 603) and citations at page 667. See also special concurring opinion, *Development Corp. of Ga. v. West,* 116 Ga. App. 768, 772 (159 SE2d 94). Having allegedly pointed out the defects, the contract time was tolled to allow the seller a reasonable time to cure the defects, the reasonable time being a question of fact. *Smith v. David,* 168 Ga. 511 (1) (148 SE 265). The cases of *Adams v. Bridges,* 141 Ga. 418 (81 SE 203), wherein the conveyance was conditioned "if titles are clear," and *Douglas v. Langford,* 206 Ga. 864 (59 SE2d 386), where the law of the case was established in a ruling of the court, and defects were found in the pleadings in which certain averments were missing after amendment, differ on their facts from this case and are not authority for the court's ruling in the motion to dismiss, which was erroneous. The seller agreed to convey title free and clear of all encumbrances, not merely if the title was clear. Exemplary damages are not sought here but expenses of litigation for bad faith, unnecessary trouble and expense arising out of the alleged fraud of the defendant, and the cases of

*Federal Farm Mortgage Corp. v. Dixon*, 185 Ga. 466 (195 SE 414); and *Jones v. Central Builders Supply Co.*, 217 Ga. 190 (121 SE2d 633) are not in point. See *Code* § 20-1404. Further, the cases cited by appellee involving specific performance are not authority for the lower court's ruling.

The court erred in sustaining the motion to dismiss.

■ While the affidavit attached to the petition was self-serving, yet it was plead in paragraph 10 to show the plaintiff had recorded it in the Fulton County records giving constructive notice to all prospective purchasers of the existence of the contract by and between the parties, and of the dispute between them in regard to an alleged valid and existing contract. It also reflects upon the alleged wilful fraud of the defendant in conveying an undivided interest in the property to others having constructive knowledge and knowing the plaintiff was insisting upon his rights under the contract. The defendant's motion to strike paragraph 10 and the exhibit should have been denied.

The court also erred in sustaining certain motions to strike by defendant and in striking certain language as to the open defiance of the defendant in selling the property when the averments of the petition show he seeks damages for the alleged continued wilful acts of fraud of the defendant in this case. The court erred in striking this language and paragraphs 11 and 12 from the petition, including the exhibit "C," showing the conveyance. Whether or not the contract had expired remains to be determined from the evidence, but as plead by the plaintiff, it is allegedly in full force and effect. *Code Ann.* § 20-704 (9) (Ga. L. 1964, pp. 414, 415); *Hudson v. Duke*, 21 Ga. 403; *Taylor v. Baldwin*, 27 Ga. 438 (73 AD 736); *Smith v. David*, 168 Ga. 511, 523, supra; *Development Corp. of Ga. v. West*, 116 Ga. App. 768, 773, supra.

Motions for more definite statement are provided for in *Code Ann.* § 81A-112 (e) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106) (Civil Practice Act, § 12) and are not to be used merely as a substitute for discovery. Somewhere during the course of this case the plaintiff will be required to show more definitely and explicitly by evidence by

what means the defendant was aware that defendant's title was defective and that defendant could not comply with the contract; but, as we construe the allegations of plaintiff's complaint, here attacked by motion for more definite statement, they are not vague and indefinite, for that if defendant had this knowledge from the very beginning, then it may be concluded that his act of entering into the contract was fraudulent. The contract required plaintiff to supply a written statement to defendant of the defects in title, but certain of these defects were within the knowledge of the defendant, because he allegedly employed an attorney to clear the title of said defects, but thereafter refused to continue the employment of said attorney, for some reason best known to defendant. Whether or not the knowledge of such defects came within the information of the plaintiff, and the way and manner in which he communicated same to defendant, are all questions of fact which are not required to be pleaded in this case.

However, the trial court did not err in sustaining defendant's request for more definite statement as to interest as alleged in paragraph 2 of plaintiff's complaint, wherein he sought to recover interest. Interest is not allowable "eo nomine" in cases of unliquidated damages. The same result is sometimes reached through the jury's addition into the principal amount of a sum "equal to interest," but we know of no law which allows the pleader to pray for and recover interest on unliquidated damages "eo nomine." See *Firemen's Ins. Co. v. Oliver*, 53 Ga. App. 638 (3) (196 SE 706); *Mills v. Mangum*, 111 Ga. App. 396 (3) (141 SE2d 773); *Western & A. R. v. Michael*, 178 Ga. 1 (6) (172 SE 66).

We have studied all of defendant's motions which seek to strike parts of the petition, and which request more definite statements in regard to same. Except as ruled above, the lower court erred in ordering the plaintiff to comply with the defendant's motions.

■ The contract attached to the complaint shows that the real estate broker was, in fact, the agent of both the seller and the purchaser. The failure of the defendant to personally receive the earnest money has no bearing on the issues here and

is immaterial to this suit, and should have been stricken from the answer as a defense inasmuch as it appears that the defendant's agent received the earnest money, which is as binding upon the defendant as if the defendant had received it himself. Therefore the second sentence of the tenth defense should be stricken as an insufficient defense. The court erred in failing to strike this language on motion of the plaintiff.

The trial court also erred in failing to sustain plaintiff's motion to strike defendant's ninth defense and twelfth defense, both of which urge that "plaintiff knew or ought to have known" the value of defendant's land, whereas the defendant was without knowledge of the value thereof, and therefore it is contended plaintiff practiced a fraud against defendant respecting the contract for sale of said land at a price far less than its actual value. Both the plaintiff and defendant were in the same circumstances respecting their implied knowledge of the value of the land. See *Westbrook v. Beusse*, 79 Ga. App. 654 (54 SE2d 693); *Morrison v. Colquitt County*, 176 Ga. 104 (167 SE 321).

As to the contention that plaintiff overreached defendant, absent some fact or circumstances suggesting that there was a fiduciary relationship existing between plaintiff and defendant, or some circumstance which entitled defendant to rely upon plaintiff's imparting to him the true facts respecting the value of defendant's land, this is not a well-pleaded defense. No reason appears herein as to why defendant had the right to rely upon or expect plaintiff to deal with him other than "at arm's length."

There was also error in failing to sustain plaintiff's motion to strike the eleventh defense of defendant's answer, wherein defendant undertook to set up the defense of laches against plaintiff's claim which was brought within two years, whereas the statute of limitation allowed four years. *Code Ch.* 3-10; *Frost v. Arnaud*, 144 Ga. 26 (1) (85 SE 1028); *Rigdon v. Barfield*, 194 Ga. 77 (5) (20 SE2d 587). This is a defense peculiarly applicable to equitable suits and has no relevancy to the case at bar which is an action at law. See *Code* § 3-712; *Louther v. Tift*, 20 Ga. App. 309 (93 SE 70); *City of Albany*

*v. Mitchell*, 81 Ga. App. 408 (2) (59 SE2d 37); *Fox v. Lofton*, 185 Ga. 456 (1) (195 SE 573); *Wood v. City Board of Plumbing Examiners*, 192 Ga. 415 (15 SE2d 486); *Fletcher v. Gillespie*, 201 Ga. 377 (2) (40 SE2d 45).

The other motions of the plaintiff in regard to the answer are not meritorious for the same reason as stated above in Division 2. We find no other part of defendant's answer or defenses to be vague, indefinite, ambiguous, redundant, irrelevant, immaterial and impertinent. *Code Ann.* § 81A-112 (e) (f) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106).

For the reasons stated in this opinion the lower court must re-instate the case for further consideration in light of the various rulings made.

*Judgment reversed in part; affirmed in part. Hall, P. J., and Deen J., concur.*