## 51501. ALLEY v. ALLEY.

PANNELL, Presiding Judge.

Linda C. Alley brought an action on a foreign judgment obtained in the State of Texas against her former husband, C. D. Alley, in the Superior Court of Gwinnett County, seeking recovery of payments for support for their two children as provided in said foreign judgment. The judgment so far as here material provides: "It is further Ordered and Decreed by the Court that the defendant, Charles D. Alley, shall pay unto the plaintiff herein, Linda C. Alley, the sum of One Hundred Fifty and No/100 ($150.00) Dollars each month for the support, maintenance and education of *each* of the minor children of the parties hereto, the first such payment to be on the 30th day of September, 1969, and all payments thereafter to be on the 30th day of each succeeding month until *each*

such minor child shall reach the age of eighteen (18) years." (Emphasis supplied.)

The action to enforce the judgment was brought on May 9, 1975. The judgment provided $150 per month for each child, and the defendant-appellant contended the judgment provided for $150 per month for both children. It was admitted by all parties that the defendant had paid $150 per month to the appellee since the rendition of the judgment in the Texas court. The dispute, therefore, was whether he owed an additional $150 per month under the judgment. The trial judge construed the judgment as providing for the payment of $150 per month for each child until such child became 18 years of age, and entered a judgment for the amounts unpaid from and after May 9, 1970, applying the five year statute of limitation as to actions on foreign judgments. See Code § 3-701. *Held:*

1. We agree with the trial judge's construction of the judgment.

2. The doctrine of laches has no application as a defense to an action at law. *Padgett v. Bryant,* 121 Ga. App. 807, 814-815 (175 SE2d 884); *Addis v. Smith,* 226 Ga. 894 (1) (178 SE2d 191). An action, such as the present one, is simply an action on a debt of record and is not an equitable action. See *Connell v. Connell,* 119 Ga. App. 485 (1) (167 SE2d 686).

3. Assuming, without deciding, that a defense of fraud in the procurement of the judgment is proper in the present action, the defendant failed to establish his defense that the foreign judgment, if construed as contended by the plaintiff, was procured by fraud.

4. There being no merit in any of the enumerations of error of the appellant, the judgment of the trial court must be affirmed.

*Judgment affirmed. Evans and Marshall, JJ., concur.*

Argued January 5, 1976 — Decided January 13, 1976.

*Dillard, Dillard & Shearer, G. Douglas Dillard,* for appellant.

*Richardson, Chenggis & Constantinides, George G.*

*Chenggis, Platon P. Constantinides,* for appellee.