## 57806. JACOBY v. JACOBY.

BIRDSONG, Judge.

This is a suit to domesticate and recover on a California judgment for arrearage in alimony. The court granted plaintiff's motion for summary judgment and denied defendant's. Defendant has appealed enumerating as error this judgment. *Held:*

1. Defendant's argument that the trial court erred in recognizing the California judgment because the foreign judgment violates certain portions of the Georgia Foreign Money-Judgment Recognition Act, Ga. L. 1975, pp. 479-482 (Code Ann. Ch. 110-13), has no merit. This statute has no application to a foreign judgment for support in matrimonial or family matters. The definition of a foreign judgment found in the statute excludes a judgment for support. Code Ann. § 110-1301 (b).

2. This state is authorized to inquire into the question of jurisdiction over the defendant before the California judgment would be entitled to full faith and

credit. *Gordon v. Gordon,* 237 Ga. 171 (1) (227 SE2d 53).

The defendant in his answer to the instant complaint admitted, by attaching to his answer a copy of a judgment, that plaintiff obtained a divorce and an in personam judgment for alimony against defendant in the Superior Court of Alameda County, California. The judgment was entered on October 23, 1945, and shows on its face that the Superior Court of Alameda County had personal jurisdiction of defendant at the time of entry of the judgment. The judgment in issue in this case is for arrearage in alimony and was entered on February 2, 1976, on the *motion* of plaintiff. Defendant has submitted evidence that at the time of the entry of this latter judgment, he was not present in California. The 1976 judgment shows that defendant had made no appearance and was served with notice of the motion for judgment determining arrearages by registered mail. Defendant contends that this evidence reveals that the California court had no jurisdiction over his person at the time the 1976 judgment for arrearage was entered.

Georgia follows the rule that once personal jurisdiction in a divorce proceeding is obtained, jurisdiction continues to enforce a decree with respect to alimony. *Albert v. Albert,* 86 Ga. App. 560 (71 SE2d 904). No California law on this concept was shown below and accordingly, the Georgia rule as announced in *Albert* is presumed to be the same. *Benefield v. Harris,* 143 Ga. App. 709 (240 SE2d 119). As the 1946 California judgment shows on its face that the court had personal jurisdiction over defendant, the 1976 judgment for arrearage must be given full faith and credit in this state absent any other legal ground to avoid its enforcement.

3. Defendant pleaded as a defense that the 1976 judgment was obtained by fraud. A judgment of a foreign state having jurisdiction over the subject matter and the parties cannot be collaterally attacked in this state on the ground of fraud. *Wood v. Wood,* 200 Ga. 796 (2) (38 SE2d 545). Accordingly, the defendant cannot rely on fraud here.

4. The statute of limitations contained in Code § 3-701 states: "All suits upon judgments obtained out of this State shall be brought within five years after such

judgments shall have been obtained." The statute will not bar this suit to domesticate this judgment as it commenced to run after the entry of the 1976 judgment reducing the arrearage to a lump sum. *Albert v. Albert,* supra.

5. As this is a legal action on a debt of record and not an equitable one, the doctrine of laches does not apply. *Alley v. Alley,* 137 Ga. App. 256 (223 SE2d 288).

6. As a defense, defendant alleged in his answer that the 1976 California judgment on which this suit was based merged into a 1977 Florida judgment, a copy of which was attached. This judgment purports to relate to an action between these same parties and awards the same amount of money to plaintiff as sought in the instant case and also purports to be based on a judgment entered in the State of California. Defendant contends that the Florida judgment would be the proper one on which to base an action in Georgia. The doctrine of merger of judgments on this specific issue has apparently never been the subject of an appellate decision in Georgia. Defendant states he can find none and our research has been equally unsuccessful. However, this subject has been considered by many of our sister states. By the weight of authority, a judgment recovered in one state is not merged in a judgment recovered in another state where the judgments are based on the same claim and are of equal dignity. See Ballentine v. Superior Court of San Mateo County, 26 Cal. 2d 254 (158 P2d 14); Moore v. Justices of Municipal Court of City of Boston, 291 Mass. 504 (197 NE 487); Lilly-Brackett Co. v. Sonnemann, 163 Cal. 632 (126 P 483); Note, 44 ALR 457, at p. 462; Restatement of the Law, Conflict of Laws, § 450, particularly note p. 537 (5); 2 Beale on Conflict of Laws 1427 § 450.17. There is authority to the contrary in Gould v. Hayden, 63 Ind. 443, which defendant cites along with other cases with similar holdings. The majority rule appears to be the sound one as it comports with reason and justice. In Wells v. Schuster-Hax Nat. Bank, 23 Colo. 534, 537 (48 P 809), the Supreme Court of Colorado stated, when deciding a like issue: ". . . Without further pursuing the inquiry, we content ourselves by saying that it seems more in consonance with principle to base the doctrine upon the

reason originally given for its establishment, and that, so long as the indebtedness is unsatisfied, successive suits in different states may be prosecuted." Accordingly, there was no merger of the 1976 California judgment into the subsequent Florida judgment.

7. The trial court correctly granted summary judgment to plaintiff.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED MAY 9, 1979 — DECIDED JUNE 22, 1979 —
REHEARING DENIED JULY 13, 1979 —

*Moffett & Henderson, F. Glenn Moffett, Jr., L. Prentice Eager, III,* for appellant.

*Mackay & Elliott, Philip B. Cordes, James A. Mackay,* for appellee.