*Jr., William G. Boyd,* for appellee.

### 63665. MAY v. MAY.

QUILLIAN, Chief Judge.

This action is to domesticate a Tennessee judgment for back alimony. Apparently finding that whether the Tennessee court had personal jurisdiction over the defendant was a disputed issue of fact, the trial court denied plaintiff's motion for summary judgment, from which this interlocutory appeal is taken. *Held:*

We reverse.

The defendant in opposing the motion for summary judgment filed a copy of a judgment that plaintiff obtained a divorce and an in personam judgment against defendant in the Circuit Court of Hamilton County, Tennessee on August 21, 1974. This judgment shows on its face that the Circuit Court of Hamilton County had personal jurisdiction over defendant at the time of the divorce. The Tennessee judgment in the instant case is for back alimony and was entered on March 28, 1979 in the Circuit Court of Hamilton County. This latter judgment shows that defendant was a nonresident but is supported by an affidavit by the trial judge that defendant did not contest the jurisdiction of the court and personally submitted to the jurisdiction of the court. Defendant was not personally served but received notice of the complaint by certified mail after notice by publication was made. Defendant claimed by affidavit that he did not personally submit to the jurisdiction of the court by filing a pro se answer to the complaint which he contended contested jurisdiction.

Pretermitting whether the defendant submitted to the jurisdiction of the Tennessee court by filing an answer to the complaint for back alimony, we find that the Tennessee court had jurisdiction because it had originally granted the in personam divorce decree of the parties.

Georgia law is that once personal jurisdiction in a divorce proceeding exists, jurisdiction continues with respect to alimony. *Jacoby v. Jacoby,* 150 Ga. App. 725 (2), 726 (258 SE2d 534). No Tennessee law on this subject was introduced and thus it is presumed to be the same as in Georgia. *Ferster v. Ferster,* 220 Ga. 319, 322 (138 SE2d 674). Therefore, since the Tennessee court had personal jurisdiction to grant the divorce it also had personal jurisdiction to grant the judgment for back alimony.

Accordingly, the Tennessee judgment must be given full faith and credit in Georgia, as defendant has presented no other legal basis

to authorize the Georgia court to avoid its enforcement. *Jacoby v. Jacoby,* 150 Ga. App. 725, supra.

*Judgment reversed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 20, 1982 —
REHEARING DENIED JUNE 14, 1982 — 

*Ira S. Zuckerman,* for appellant.
*James T. Barfield III,* for appellee.