A05A0705. TORGESEN et al. v. TORGESEN.
(617 SE2d 223)

RUFFIN, Chief Judge.

Carolyn Torgesen and Karen Brumbalow, in their capacity as co-administrators of the estate of Allan Torgesen (the "estate"), appeal from the trial court's order declaring that Trudy Torgesen, the ex-wife of the deceased, had no obligation under a marital settlement agreement (the "agreement") to convey her interest in real property to the estate of her former husband. Because we agree with the estate's contention that the trial court misinterpreted the agreement, we reverse.

The record shows that the deceased and his ex-wife entered into the agreement on May 22, 2002. The agreement provided for a division of their real and personal property, debt, life insurance, and retirement benefits. With regard to their real property,[1] the agreement provided:

> The Husband shall receive all right, title and interest in the marital residence . . . subject to the following:
>
> (a) Husband shall refinance the existing mortgage on the marital residence and have wife's name removed from the outstanding debt obligation on the marital residence within twelve (12) months of the date of this agreement;
>
> (b) Husband shall be responsible for making the monthly mortgage payment and shall indemnify and hold wife harmless from any mortgage debt on the marital residence;
>
> (c) Upon being removed as a party to the outstanding debt on the marital residence, Wife shall execute a quitclaim deed to husband relinquishing her interest in the property.

The agreement did not expressly provide that time was of the essence.

---

[1] The record shows that husband conveyed an interest in this property to his wife after their marriage.

The husband died as a result of cancer on September 17, 2002. Due to an unrelated dispute, the administrator was not issued letters testamentary until January 31, 2003.

A loan officer of the lender holding the mortgage testified that on September 12, 2002, the ex-wife asked to be released from liability on the loan. The lender explained that the loan could be assumed by another party, and that the ex-wife could be given a release of liability for the debt, but she would still remain on the recorded security deed for the debt which would show that the debt was still outstanding. According to the lender, the ex-wife agreed to the assumption process. However, because the husband was still in the hospital and the ex-wife and future administrator of his estate were concerned about him, an assumption and release were not done at the time. The ex-wife testified that she never agreed to an assumption and release and that she never had any such discussion with the lender.

Toward the end of 2002, the administrator contacted the lender about getting the release completed. On February 13, 2003, the lender notified the ex-wife that the assumption and release of liability papers had been prepared and were ready for her signature. She was informed that the administrator would be getting the papers and would schedule a meeting for her to sign them.

The ex-wife testified that she refused to sign the assignment documents because the security deed listing her as a debtor would have remained on record. She also explained that she wanted her husband to refinance the mortgage within a year so that her name would be removed from the mortgage.

On June 13, 2003, the ex-wife filed an action against the estate seeking a declaration that she retained her one-half interest in the property because the estate failed to refinance the mortgage and have her name removed from the outstanding debt obligation within 12 months of the agreement date. The estate answered on July 15, 2003, and subsequently paid the outstanding mortgage balance on August 29, 2003, with the proceeds from the early payment of a debt owed to the estate. All monthly payments were made on the mortgage by the husband or his estate until it was satisfied.

After an evidentiary hearing held on April 14, 2004, the trial court entered a written order declaring that the ex-wife "has no obligation to execute a quitclaim deed for the benefit of the Estate, and thus, [she] retains an undivided one-half (1/2) interest in the property." The trial court's rationale for its decision was that the estate violated two conditions precedent: (1) that it failed to "refinance the existing mortgage"; and (2) that it failed to do so within one year of the agreement.

The estate appeals this decision, contending that it did not breach any conditions precedent. As our courts have held:

A settlement agreement is a contract and the question of its enforceability is for the court to decide. . . . Where the parties in a divorce action enter into a settlement agreement, its meaning and effect should be determined according to the usual rules for the construction of contracts, the cardinal rule being to ascertain the intention of the parties.[2]

1. We first consider whether the trial court properly ruled that the estate breached the agreement by failing to perform within 12 months of the agreement. OCGA § 13-2-2 (9) provides that "[t]ime is not generally of the essence of a contract; but, by express stipulation or reasonable construction, it may become so." "If a time is fixed [in a contract], but there is no express statement that it is of the essence of the contract, it is open to construction to determine whether such is the case or not."[3] If time is not of the essence, either expressly or by construction, the party has a reasonable time in which to perform.[4]

In cases involving the sale of land, courts will generally not construe time to be of the essence unless "it should clearly appear . . . that such was the intention of the parties; as, for example, by a provision that the agreement shall be void unless the act named be completed by a certain day, or by other equivalent expression."[5] In this case, an examination of the contract reveals that time was not of the essence. There was no provision voiding the agreement if the husband did not perform his obligations under the contract within a year. The provision requiring the husband to make the mortgage payments on the property during the interim and to indemnify his ex-wife for any mortgage debt also demonstrates that time was not of the essence.[6] This is not a case in which the agreement required the ex-wife to make the mortgage payments until the transfer of ownership occurred.

---

[2] (Citation and punctuation omitted.) *Gray v. Higgins*, 205 Ga. App. 52, 53-54 (2) (a), (b) (421 SE2d 341) (1992).

[3] *Alabama Constr. Co. v. Continental Car & Equip. Co.*, 131 Ga. 365, 368 (62 SE 160) (1908).

[4] See *Taylor v. Baldwin*, 27 Ga. 438, 442-443 (1859); *Herring Motor Co. v. Belin*, 38 Ga. App. 756, 757 (145 SE 474) (1928).

[5] *Mangum v. Jones*, 205 Ga. 661, 667 (1) (c) (54 SE2d 603) (1949). See also *Padgett v. Bryant*, 121 Ga. App. 807, 811 (1) (175 SE2d 884) (1970) (time was not of the essence even though real estate sales contract gave 90 days to close the sale); *Braddy v. Boynton*, 271 Ga. 55, 56 (518 SE2d 411) (1999) (time was not of the essence even though contract provided specified date for closing).

[6] Compare *Woodhull Corp. v. Saibaba Corp.*, 234 Ga. App. 707, 710 (1) (a) (507 SE2d 493) (1998) (time was of the essence where contract required seller of land to obtain loan for buyer to assume at closing and seller was legally obligated to make payments on loan until closing and assumption took place).

As time was not of the essence, that portion of the trial court's order using the estate's failure to perform within 12 months as a ground to find in favor of the ex-wife was error. The appropriate standard was whether the estate performed within a reasonable time, and "what is a reasonable time is a matter of fact, to be determined by a jury [or other factfinder] under all the circumstances of the case."[7]

2. We next address whether the trial court properly concluded that the estate breached the agreement by failing to refinance the existing loan. In doing so, we must consider that

> [o]ur general rule with respect to compliance with contract terms is not strict compliance, but substantial compliance. At common law a strict and literal performance of the terms of the contract was required; but by rules of equity, either adopted by statute or recognized by the courts, a substantial compliance with the terms of the contract is sufficient.[8]

In this case, the strict and literal letter of the contract required the husband to refinance the loan; however, it also required that the wife execute a quitclaim deed conveying her interest only "[u]pon being removed as a party to the outstanding debt on the marital residence." Thus, the clear intent of the agreement was that the husband would become responsible for the debt on the land and that, when the ex-wife was no longer responsible for that debt, she would convey her interest in the land to the husband. Under these circumstances, the estate's act of paying the mortgage in full substantially complied with the agreement because the wife was no longer responsible for the debt. As a result, failure to refinance the loan was not a material breach of the agreement.

Because there is a jury issue as to whether the estate performed within a reasonable time and it otherwise substantially complied with the requirements of the agreement, the trial court erred by declaring the ex-wife could retain her one-half interest in the property.

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

---

[7] *Herring Motor Co.*, supra, 38 Ga. App. at 757. See also OCGA § 9-4-6 (providing for issues of fact to be determined by a jury in declaratory judgment actions).

[8] (Citations and punctuation omitted.) *Dennard v. Freeport Minerals Co.*, 250 Ga. 330, 332 (1) (297 SE2d 222) (1982). See also OCGA § 13-4-20 ("[p]erformance . . . must be substantially in compliance with the spirit and the letter of the contract").

DECIDED JULY 11, 2005.

*James R. Acrey*, for appellants.
*Campbell & Campbell, M. Steven Campbell*, for appellee.