### ADAMS *v.* BRIDGES.

FISH, C. J. The only point for adjudication is whether a general demurrer to the petition was properly sustained. The substance of the petition was as follows: While bargaining between themselves as to a land trade, petitioner, on August 12, sent his check to defendant, in which the terms of petitioner's offer for the purchase of the land were stated. They were to the effect that the amount of the check, $20, was to be taken as part payment of the purchase-price for the land, the "balance of $1,480 to be paid in ninety days, if titles are clear, deeds properly executed, and possession given by December 1." On August 21, defendant wrote plaintiff a letter, which was received, saying: "I will accept your proposition. Will make papers soon as possible. . . Received check o. k." After keeping the check from August 12 to October 7, defendant, on the latter date, returned it to petitioner, at the same time notifying him that defendant did not expect to abide by his contract. Petitioner refused to take back the check, and returned it to defendant with notice that petitioner expected him to stand by the trade. On October 21, defendant again returned the check to petitioner, with notice that defendant had sold and conveyed a portion of the land to another, "and that the trade with petitioner was off." *Held:*

(a) That the contract was not an absolute agreement by the one party to convey a clear title to the land and by the other to buy, but was conditional. It bound the vendor to sell and the vendee to buy and make

payment within the time fixed, on condition that the titles were clear. If the titles were not clear, the contract did not include a covenant on the part of the vendor to make them clear, or to procure a clear title. While he might not be heard to set up a defect in his title or his own default in conveying and delivering possession, if the vendee was willing to accept the title as clear and to waive any defect, yet the vendor could not require the vendee to accept a title which was not clear, nor could the vendee occupy a position where, under the condition in the contract, he was not bound because the title was not clear and yet could hold the vendor bound as on an unconditional contract to procure a clear title.

(b) When it was alleged that the contract was reduced to writing, additional stipulations could not be added by concurrent parol agreements.

(c) Under such a contract, a conveyance by the vendor to a third person of a portion of the land within the time fixed in the contract would amount to a repudiation thereof. But when the vendee waits until after the expiration of the fixed time and then sues to recover the difference between the price named in the contract for the entire land and the market value thereof and the expenses of examining the title to the land, he must allege that the vendor had a clear title, or at least one which the plaintiff was willing to accept as a clear title.

(d) If suit could have been brought for a breach of a contract to allow ninety days for examination and acceptance or rejection of the title by the vendee, such was not the character of the action here brought. If it could be treated as such, the plaintiff could not recover the damages claimed, in the absence of the allegations above indicated. And, under former decisions of this court (which have not been reviewed or sought to be reviewed as by the statute provided), the judgment would not be reversed because the plaintiff might have recovered nominal damages, under appropriate allegations and prayers. *Hadden* v. *Southern Messenger Service*, 135 *Ga.* 372 (69 S. E. 480).

*Judgment affirmed. All the Justices concur, except*

Evans, P. J., dissenting. I do not think it necessary for the plaintiff to have alleged that the title of the defendant was clear. I am of the opinion that the petition set forth a cause of action as against a general demurrer.

FEBRUARY 26, 1914.

Action for breach of contract. Before Judge Frank Park. Baker superior court. September 17, 1812.

*Bush & Stapleton,* for plaintiff. *W. I. Geer,* for defendant.