## MANNING et al. v. SAMS.

PER CURIAM. 1. Error was assigned upon a judgment overruling the plaintiffs' demurrer to certain portions of the defendant's answer. This assignment of error was not argued or referred to in the brief of counsel for plaintiffs in error, and, under repeated rulings of this court, will be treated as abandoned.

2. In an equitable action by the purchaser against the seller for specific performance of a contract for the sale of land, the petition declared upon the following contract: "Subject to approval of titles, W. A. Sams agrees to sell to H. S. and T. L. Manning, and they agree to buy from him [then follows a description of the property] at and for the sum of eleven thousand three hundred dollars, the same to be paid in cash when the titles are approved and made to the purchasers. The vendor agrees to transfer with said property, without further consideration, any unexpired insurance on said property. Said property is to be conveyed free from all liens and incumbrances. The right of possession subject to occupancy of present tenants at time the purchase-money is paid and title conveyed. Signed in duplicate on this 4th day of January, 1913. W. A. Sams, H. S. Manning, T. L. Manning." It was also alleged that plaintiffs had stood ready to complete their part of the contract, and on the 10th day of June, 1913, and at various times before and after that date, had made a tender of the purchase-price and requested that the defendant execute title to them in terms of the contract; that the tender was continuous; and that the defendant refused to perform his part of the contract. Held, that the words "subject to approval of titles," when construed in connection with the entire contract, mean that the purchasers would enquire into the title of the seller, and that if they approved his title they would carry out the contract of sale. Middleton v. Findla, 25 Cal. 76. Under such circumstances the sale was inchoate, but would become binding upon the seller if the purchasers should, within a reasonable time (there being no specified time appointed in the contract), approve the title. 1 Warvelle on Vendors (2d ed.), § 330; 2 Ib. § 739. See also Northington-Munger-Pratt Co. v. Farmers Gin &c. Co., 119 Ga. 851 (47 S. E. 200, 100 Am. St. R. 210).

(a) It can not be said as a matter of law that the time intervening between the date of the contract and the date of the alleged tender was an unreasonable time for approval of the title.

(*b*) The allegation that plaintiffs tendered the purchase-price and demanded a conveyance of title in terms of the contract was the equivalent of an allegation of approval of the title by the purchasers, and the petition was not subject to demurrer on the ground that it did not more specifically allege that plaintiffs approved the title.

(*c*) The case differs from that of *Adams* v. *Bridges*, 141 *Ga.* 418 (81 S. E. 203), where the contract bound the seller to sell and the vendee to buy and make payment within a specified time on condition that the titles were clear, and in which there was no tender or payment until after the time had expired.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*
FEBRUARY 20, 1915.

Equitable petition. Before Judge Patterson. Cobb superior court. September 3, 1913.

*Gober & Jackson*, for plaintiffs.    *D. W. Blair*, for defendant.