## ARMOR *v.* STUBBS.

FISH, C. J. The petition set forth a cause of action for specific performance of a contract for the sale of land, and was not subject to the demurrer filed. " If, for any cause, the specific performance is impossible, or the vendee declines to accept a performance in part, the court may proceed to assess damages for the breach of the contract." Civil Code, § 4639. Where the petition for specific performance of a contract for the sale of land contains two counts, in the first of which there is a prayer for specific performance, and in the second there is a prayer for damages for failure to perform, the second count does not render the petition demurrable.

Where a general demurrer to a petition is overruled, and the defendant takes the case to the Supreme Court by bill of exceptions in which error is assigned upon such ruling, he cannot also properly assign error upon a judgment striking portions of his answer. *Turner* v. *Camp,* 110 *Ga.* 631 (2), 632 (36 S. E. 76); *Cox* v. *Hardee,* 135 *Ga.* 80 (5), 90 (68 S. E. 932). This is true although the decision overruling the general demurrer, and that striking portions of the answer,

are embraced in the same judgment. Permission is given that the official copy of the exceptions assigning error upon the judgment striking a portion of the defendant's answer be filed as exceptions pendente lite,     *Judgment affirmed. All the Justices concur.*

No. 1575. SEPTEMBER 28, 1920.

Action for specific performance. Before Judge Park. Putnam superior court. July 11, 1919.

This action was brought by R. D. Stubbs against W. G. Armor, for specific performance of a contract for sale of land. A demurrer for want of a cause of action was overruled; and a demurrer by the plaintiff to certain parts of the defendant's answer was sustained. The defendant excepted to each of these rulings.

*S. H. Sibley* and *Davidson & Callaway,* for plaintiff in error.
*Sibley & Sibley,* contra.