SMALL *v.* PEACOCK, executor, *et al.*

No. 7804. November 14, 1930.

*William G. McRae,* for plaintiff in error.

*George G. Finch, F. L. Breen, O. C. Hancock,* and *C. E. Moore,* contra.

Per Curiam. A petition must plainly and distinctly set forth a cause of action against a defendant. The petition in this case fails to set out any cause of action in favor of the plaintiff against the defendant Small. It follows that the judge erred in overruling the demurrer filed by that defendant.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Gilbert, J., who dissent.*

Gilbert, J., dissenting. From an inspection of the record I have arrived at the opinion that this is a moot case, and that the bill of exceptions should be dismissed. The exception is to the overruling of a demurrer filed by A. M. Small. It does not appear from the record that A. M. Small is a party to the litigation, nor does it appear that A. M. Small will be in any way affected by the final outcome of the litigation. Small is not named in the petition. There is no order of the court naming Small as a party. The only references to Small in the entire record are: (1) The report of the receivers appointed by the court, as follows: "Your receivers show that thru their attorney at law they have examined the records of Fulton County pertaining to this property, and that the following persons should be made parties hereto: . . Annie M. Small." (2) The demurrer filed by an attorney for A. M. Small.

I do not conceive it to be within the duties required by law of receivers to affect in any way the matter of who shall be parties to litigation. 23 Ruling Case Law, 7, § 2, states: "Generally speaking, a receiver is not an agent, except of the court appointing him; the very term receiver negatives such an idea. He is merely a ministerial officer of the court, or, as he is sometimes called, the hand or arm of the court. He stands in an indifferent attitude, not representing the plaintiff or the defendant, but really representing

the court, and acting under its direction, for the benefit of all the parties in interest." Our Code (1910), § 5481, declares: "The receivers so appointed must discharge their trust according to the order or decree of the courts appointing them, and are at all times subject to their orders, and may be brought to account and removed at their pleasure." A judgment binds only the parties to the litigation and their privies. Section 4336 provides: "A judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue," etc. 20 Ruling Case Law, 662, § 2, is as follows: "A party is, ordinarily, one who has or claims an interest in the subject of an action or proceeding instituted to afford some relief to the one who sets the law in motion against another person or persons. Parties are those who are named as such in the record, and are properly served with process, or enter their appearance. The term includes all who are directly interested in the subject-matter, and who have a right to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment. The object of making a person a party to a legal proceeding is to enable him to be heard in the assertion of his rights, and, failing to set them up, that he may be concluded from again litigating them." 47 Corpus Juris, 15, § 4, is as follows: "A party to the action is one whose name appears upon the record in the case, either as party plaintiff or defendant. . . The mere naming of persons in the declaration, replication, and judgment does not constitute them parties to the action. Whether a person is a party to an action must be ascertained exclusively by an inspection of the record; it can appear in no other way. In deciding who are parties to an action, a court will not look beyond the record." The Code of Georgia (1910), § 5630, provides: "A defendant may either demur, plead, or answer to the petition," etc. In the present instance the court was dealing with a demurrer to a petition, but the alleged demurrant does not appear from the record to have been a party to the suit or a person interested in the result of the suit. There is no provision of law for a mere outsider to come into court and deny that the petition sets up a cause of action. 21 C. J. 341, § 338. In *Williamson* v. *White,* 101 *Ga.* 276 (2) (28 S. E. 846, 65 Am. St. R. 302), it was held: "Where an application was made to the judge of the superior court, by the person who had at the sheriff's

sale under such tax execution bid off these two tracts and taken the sheriff's deed thereto, for an order directing the officer to put the applicant in possession, though one who claimed to be the owner of the property appeared at the hearing and presented written objections to the granting of such order, he was not, unless actually made a party to the proceeding, bound by any judgment therein rendered." In *Potts* v. *Wilson,* 158 *Ga.* 316, at p. 320 (123 S. E. 294), this court said: "In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment; and must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation. Smith *v.* Gale, 144 U. S. 509 (12 Sup. Ct. 674, 36 L. ed. 524). A stranger can not come in the case merely for the purpose of contesting the plaintiff's right to recover. *Tanner* v. *Am. Nat. Bk.,* 145 *Ga.* 512 (89 S. E. 515)."

Based upon what is said above, it is my opinion that the judgment overruling the demurrer was a nullity, because the court had no jurisdiction of the demurrant; and consequently the case in this court is moot, and the bill of exceptions should be dismissed. I am authorized to say that Presiding Justice Beck concurs in this dissent.