[Civ. No. 4617.  Third Appellate District.—February 17, 1932.]

CYNTHIA MITCHELL, as Executrix, etc., Respondent, v. NINO AIMO et al., Appellants.

H. W. McGowan and Duard F. Heis for Appellants.

Wm. M. Stafford for Respondent.

PRESTON, P. J.—Motion to dismiss appeal.

The grounds of the motion are that no transcript of appeal has been filed by appellants within forty days from the date of settlement of appellants' bill of exceptions.

It is conceded that a bill of exceptions was prepared by appellants and presented for settlement to the judge who presided at the trial. This bill of exceptions was so presented on September 15, 1931, being within the time allowed by law for so doing. A copy thereof was duly served upon counsel for respondent and it was stipulated by and between all counsel that the proposed bill of exceptions was correct in all particulars and might be approved.

Counsel for appellants resides and has his office in Glenn County; respondent's counsel resides and has his office in San Francisco; the judge who presided at the trial is the judge of the Superior Court in and for Tehama County, though the case was tried in Glenn County. It will thus be seen that many details were matters of correspondence.

As noted, the bill of exceptions was presented to the trial judge on September 15, 1931. Thereafter on October 23d the said bill of exceptions was duly filed in the office of the county clerk of Glenn County attached thereupon being the stipulation of its correctness and the order of the trial judge allowing, approving and settling the said bill of exceptions, which order was dated September 19, 1931. Thus it appears that all that could be done with reference thereto had been done and the time for filing the transcript would then commence to run.

The approval by the trial judge and the filing with the clerk were without the knowledge of counsel for appellants and whatever his duty in the premises may have been, there appears some reasonable explanation. On September 21, 1931, after the trial judge had approved the bill of exceptions, the county clerk of Glenn County notified counsel for appellants that the trial judge had set September 29, 1931, as the time for settlement of the bill and that said judge would prefer to hear the matter in Tehama County. Obviously, the trial judge had either inadvertently approved the bill on September 18th, or had quite forgotten about it. Thereafter, counsel for appellants wrote to the trial judge calling his attention to the matter, and on December 12, 1931, the said judge made another order allowing and approving said bill of exceptions. This last order is contained in the transcript on appeal. Under the rules, assuming the transcript should be filed herein on or before forty days thereafter, the filing would be on time if proceedings for the settlement of the bill of exceptions did not terminate until December 12, 1931. The transcript on appeal was filed in this court on January 18, 1932. The judgment was entered on August 5, 1931, and notice of appeal filed August 10, 1931. The bill of exceptions, stipulated to be correct, was presented September 15, 1931. Up to that point full compliance with the statute is shown and likewise due diligence. The delay following seems to be entirely

without fault on the part of appellants. No question of jurisdiction is involved. A dismissal would be for lack of diligence in prosecuting the appeal.

Under the facts, as we have outlined the same, we cannot find such a lack of diligence as merits the penalty of dismissal. ██ The rules of court are designed to expedite the business of the court and to prevent needlees delays. Good faith and diligence, even though not measuring up to the requirement of the statute or the rules, are always considered.

██ Rule V. Section one provides that if the transcript is on file at the time of notice of motion to dismiss, that fact shall be a sufficient answer to the motion. The present notice of motion was filed on January 13, 1932. On January 10, 1932, appellants had procured an order from the court extending his time to file transcript to January 16, 1932, and when motion to dismiss was made the transcript was on file.

The motion to dismiss is denied.

Plummer, J., and Thompson (R. L.), J., concurred.