HIMEBAUGH v. CHALKER.

1. VENDOR AND PURCHASER—RESCISSION—SALE TO ANOTHER.
   Where vendors in land contract subsequently conveyed premises to other parties, their action amounted to rescission of land contract.

2. SAME—WHEN VENDEE ENTITLED TO RECOVER PAYMENTS.
   Vendee, entitled to recover because of vendors' rescission of land contract, is entitled to recover payments made and reasonable value of improvements made in good faith, less value of use of premises.

On right of vendee to recover payments made on rescission of contract, see annotation in L. R. A. 1918B, 547.

3. SAME—TENDER—RESCISSION—EQUITY.
   Tender of amount due under land contract and demand for deed
   · is not necessary before filing suit in equity by vendee for
   rescission.

4. SAME—NOTICE OF VENDEE'S RIGHTS.
   Where vendors recovered void judgment for restitution of prem-
   ises, and thereafter sold to another, latter's knowledge of
   original vendee's possession did not bar her right to rescind
   and recover from vendors amounts paid on contract and for
   improvements.

Appeal from Livingston; Collins (Joseph H.), J.
Submitted October 12, 1932. (Docket No. 85, Cal-
endar No. 36,790.) Decided December 6, 1932.

Bill by Helen Himebaugh against Merritt Chalker
and others to rescind a land contract and for other
relief. Decree for plaintiff. Defendants appeal.
Affirmed.

*Floyd W. Cone,* for plaintiff.

*Don W. Van Winkle,* for defendants.

POTTER, J. Plaintiff filed a bill for rescission of a
land contract, accounting, and a lien upon the prem-
ises in dispute for the amount found to be due.
From a decree for plaintiff, defendants appeal.
April 19, 1924, plaintiff and her husband, Arthur
J. Himebaugh, now deceased, together with Floyd
Finch and Florence Finch, purchased by land con-
tract from Sarah Chalker, now deceased, the land
mentioned and described in the bill of complaint.
Subsequently the Finches assigned their interest to
plaintiff. Thereafter a new contract was entered
into between Sarah J. Chalker and plaintiffs for
the purchase of the same land, credit being given
for money paid on the former contract. June 15,

1926, plaintiff and her husband, Arthur J. Himebaugh, purchased of Sarah J. Chalker, Merritt Chalker, and Maryett Chalker a parcel of land lying between their former purchase and Patterson Lake. Payments were made on this contract by vendees. Sarah Chalker is dead. Defendants Merritt Chalker and Henry Collins were her devisees. Her estate was probated. Merritt Chalker obtained a judgment before a circuit court commissioner for restitution of the premises mentioned and described in the contracts. This judgment was void because service of process was not had upon plaintiff. After securing this judgment before a circuit court commissioner, the property in question was sold by the Chalker estate and Henry Collins and Eern Collins, his wife, to Leonard Arthur King. King had notice of the claim of plaintiff before transfer to him. A tender by plaintiff to defendants of the amount due upon the contracts and demand for a deed was made. The property having been sold and transferred by defendants, it was not possible for them to give a deed as requested. The action of Merritt Chalker and Henry Collins in selling the property in question amounted to a rescission of the contract.

"If plaintiffs were entitled to recover, the rule is that they were entitled to recover the payments made, and the reasonable value of the improvements made in good faith, less the value of the use of the premises." *Bartlett* v. *Smith,* 146 Mich. 188 (117 Am. St. Rep. 625).

It was not necessary for plaintiff to have made a tender of the amount due upon the contracts and a demand for a deed before filing a bill to obtain a rescission of the contracts. *Jandorf* v. *Patterson,* 90 Mich. 40; *Maurer* v. *Iden,* 242 Mich. 568; *Brow* v. *Gibraltar Land Co.,* 249 Mich. 662; *Lightner* v.

*Karnatz,* 258 Mich. 74. Defendants' principal contention is that the court was in error in holding plaintiff was entitled to rescind, and in the determination of the amount due plaintiff. Under the facts, where defendants had recovered judgment before the circuit court commissioner against plaintiff, we do not think knowledge of defendants King of plaintiff's possession bars her right to recover. The amount found to be due by the trial court to plaintiff was within the fair range of the testimony.

Decree affirmed, with costs.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with POTTER, J. WIEST, J., concurred in the result.