CHALKER *v.* FIDELITY & DEPOSIT COMPANY
OF MARYLAND.

1. VENDOR AND PURCHASER — SURETY ON SHERIFF'S BOND — FALSE
RETURN.

> Evidence *held*, insufficient to establish right of land contract
> vendor to recover alleged damages from surety on sheriff's
> bond in action for false return of circuit court commissioner's
> process, where record does not show that plaintiff's breach. of
> contract for which he had to respond in damages to vendee was
> made in reliance upon the admittedly false return nor that
> summary proceedings were necessary.

2. SAME—DAMAGES.

> Vendor who breached land contract with first vendee by deeding
> premises to subsequent purchaser for an increased price *held*,
> not to have sustained such damage in being compelled to return
> payments made by first vendee less fair rental value as to be
> entitled to reimbursement therefor from surety on sheriff's
> bond for false return of circuit court commissioner's process in
> summary proceedings against first vendee.

3. LIMITATION OF ACTIONS—SHERIFF'S BOND—FRAUDULENT CONCEAL-
MENT.

> Action against surety on sheriff's bond for false return of process
> begun over two years after such return was made *held*,
> barred by statute of limitations unless running of statute was
> tolled by fraudulent concealment in which case the suit may be
> commenced within two years after discovery (3 Comp. Laws
> 1929, §§ 13976, 13983).

4. SAME—KNOWLEDGE OF FRAUD—DILIGENCE IN DISCOVERY.

> One who has knowledge of fraud having been perpetrated against
> him or notice thereof sufficient to put him on inquiry cannot
> remain inactive and rely upon concealment to stay the statute
> of limitations but must use reasonable diligence to discover
> facts pertaining thereto (3 Comp. Laws 1929, §§ 13976, 13983).

5. Sheriffs and Constables—Action on Bond—Statute of Limitations.

> Motion for judgment of no cause of action made at close of plaintiff's proofs in his action against surety on sheriff's bond for false return in summary proceedings should have been granted, where record shows he did not commence action within two years of time when he first had knowledge of facts sufficient to put him on inquiry as to the falsity of return and made no inquiry (3 Comp. Laws 1929, §§ 13976, 13983).

Appeal from Livingston; Collins (Joseph H.), J. Submitted June 13, 1934. (Docket No. 97, Calendar No. 37,895.) Decided September 18, 1934.

Action by Merritt H. Chalker against Fidelity & Deposit Company of Maryland, a foreign corporation, on a sheriff's bond for alleged damages sustained because of a false return of service of process. Judgment for plaintiff. Defendant appeals. Reversed.

*Don W. VanWinkle (Fewlass & Frisbee, of counsel), for plaintiff.*

*Yerkes, Goddard & McClintock, for defendant.*

North, J. At the time plaintiffs' alleged cause of action arose defendant herein was the surety on the bond of the sheriff of Wayne county. Plaintiff by this suit against the surety seeks to recover damages alleged to have been suffered by reason of a false return of service of process made by a deputy sheriff. From a judgment in favor of plaintiff, after trial by the court without a jury, defendant has appealed.

The return of service by the deputy sheriff, made April 30, 1930, was that personal service of a circuit court commissioner's summons had been made on

Mrs. Helen Himebaugh April 19, 1930. It is undisputed that such service was not made. Plaintiff alleges this false return subjected him to damages in a substantial amount. See *Himebaugh* v. *Chalker,* 261 Mich. 80. In the instant suit it is plaintiff's theory that he should be permitted to recover from the surety on the sheriff's bond because the false return of the deputy sheriff was the proximate cause of the loss or damage which plaintiff claims he sustained by reason of being compelled by a judgment rendered in the case above cited to return to Mrs. Himebaugh payments made by her to plaintiff herein on a land contract.

Recovery by Mrs. Himebaugh arose from the fact that plaintiff herein had sold the property covered by the land contract to another purchaser and was therefore unable to convey and refused to convey title to Mrs. Himebaugh upon tender of the purchase price. Appellant asserts that under the record presented in the instant case plaintiff is not entitled to recover because he failed "to prove he had sustained any damages resulting from the false return."

It therefore becomes necessary to inquire what was the proximate cause of the damage for which Mrs. Himebaugh recovered a judgment against plaintiff herein in the case of *Himebaugh* v. *Chalker* above cited. So far as this record discloses clearly it was Chalker's breach of his contract to convey to Mrs. Himebaugh certain real estate upon tender of the purchase price. Payment was tendered and plaintiff herein refused to convey. He could not do so because he had already deeded the property to and received the purchase price from a third person. It was the breach of this contract which was the real or proximate cause of Chalker's having to respond

in damages to Mrs. Himebaugh, and not the false return of the deputy sheriff. However, it is plaintiff's theory that he would not have deeded the property to a third person had he not believed the foreclosure of Mrs. Himebaugh's contract was regular and complete, and that he was induced to believe such to have been the fact by the false return of the commissioner's process in a summary proceeding against Mrs. Himebaugh. Plaintiff's right to recover on this theory cannot be sustained because nowhere in this record does it appear by any testimony that plaintiff's second conveyance of the contract property was made in reliance upon the deputy sheriff's false return and that in the absence of such return plaintiff would not have deeded the property to the second purchaser. He did not have to rely upon such return because if, as plaintiff contends, he served notice of forfeiture upon Mrs. Himebaugh and that at the time of the proceedings before the commissioner and the subsequent deeding of the property she was not in possession, there was no necessity for instituting summary proceedings. The proof fails to establish a right of recovery for alleged damages resulting from the false return of the circuit court commissioner's process.

The real cause of plaintiff's damage was his failure to pay back to Mrs. Himebaugh her investment in the contract property less the reasonable rental value thereof while occupied or possessed by her as a contract vendee. There was no good reason why Mr. Chalker should not have so adjusted the controversy which was adjudicated in *Himebaugh* v. *Chalker, supra.* That was exactly what the judgment in that case, for which he now seeks to be reimbursed by the sheriff's surety, required him to do. Instead, after Mr. Chalker had deeded the contract

property to a subsequent purchaser for an increased purchase price, Mr. Chalker attempted to retain the portion of the purchase price paid by Mrs. Himebaugh and also the purchase price paid by the second purchaser. This he was not permitted to do. He suffered no loss except the expense of litigation to which he subjected himself. For this reason, as noted above, he has not established a case entitling him to reimbursement by way of damages to be paid by the sheriff's surety.

Appellant also asserts that plaintiff's action was barred by the two-year statutory limitation (3 Comp. Laws 1929, § 13976), and the trial court's holding to the contrary was error. The record sustains appellant. The false return was made April 30, 1930. This suit was started July 14, 1933. The action was then barred unless the running of the statute was tolled by fraudulent concealment. If fraudulent concealment is established the time within which suit may be commenced is extended by the statutory provision for two years after one's discovery of his cause of action. 3 Comp. Laws 1929, § 13983. Plaintiff herein asserts fraudulent concealment of his cause of action and claims that in consequence thereof the statutory limitation of two years is not a bar.

One who has knowledge of the perpetration of a fraud against him cannot thereafter claim that concealment of the fraud suspends the running of the statute. And further, one who has notice of a fraud perpetrated upon him sufficient to put him on inquiry cannot remain inactive and rely upon concealment to stay the statute. Instead he must exercise such care and make such effort to ascertain the facts regarding the perpetrated fraud as in the exercise of reasonable care and diligence he could and should make.

"The statute was not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts known, and plaintiff must be held chargeable with knowledge of the facts which it ought in the exercise of reasonable diligence to have discovered." *First National Bank of Ovid* v. *Steel,* 146 Mich. 308.

As stated above, the false return in consequence of which plaintiff brought this suit was made April 30, 1930. On June 22, 1930, Mrs. Himebaugh told plaintiff she had not been served with the commissioner's summons. Notwithstanding this plaintiff made no inquiry of anyone who would have actual knowledge of the truth or falsity of the return made. The record discloses that plaintiff did talk with the circuit court commissioner who said to plaintiff: "It was perfectly all right." But obviously, the commissioner had no more knowledge of the truth or falsity of the return than plaintiff himself. He made no inquiry of the sheriff or deputy sheriff, as he might easily have done and in the exercise of reasonable diligence should have done. The deputy sheriff admitted the falsity of his return to Mrs. Himebaugh about two months after the return was made. If plaintiff had made a like inquiry, one of two things would have then happened, either the falsity of the return would have been disclosed or denied. If disclosed plaintiff would have had full information and should have acted accordingly. If denied, in the absence of something indicating the contrary, plaintiff might have relied upon such denial and thereby been justified in claiming concealment of the fraud perpetrated. In *Purdon* v. *Seligman,* 78 Mich. 132, recovery was sought in consequence of fraud and misrepresentation incident to the sale of bonds and the claim made that plaintiff's cause of action was fraudulently concealed.

The court, finding that plaintiff "received strong hints * * * which should have set him on inquiry, which he neglected to make," held that his cause of action was barred; and concerning plaintiff said:

"He entirely neglected to search where the only information was to be found, and defendant threw no obstacle in the way of his doing so. How this inaction could, under such circumstances, amount to a concealment of anything it is hard to see. Plaintiff did not, so far as appears, even complain to defendant, or ask information. Had he done so, and had defendant then tried to put him off his guard, the case might possibly have been different. But the statute was not meant to help parties who take no pains to see what is before their eyes."

Defendant's motion for judgment of no cause of action, made at the close of plaintiff's proofs, on the ground that plaintiff's suit was barred by the statute should have been granted.

For the reason above indicated the judgment entered is reversed, with costs of both courts to appellant.

NELSON SHARPE, C. J., and POTTER, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred with NORTH, J.

FEAD, J. I concur on ground of bar by limitations.