In the Matter of the Estate of LORETTA C. VAUGHAN, Deceased.

Surrogate's Court, Kings County, September 12, 1935.

*William V. Hagendorn,* for the administratrix.

*Herbert Ginzburg* [*Solomon R. Agar* and *Lawrence Krauss* of counsel], for the objectant.

WINGATE, S. The objections to the present account raise a somewhat interesting question of the enforcibility of a contract entered into by the decedent during her life.

The essential facts are undisputed and have been embodied in a stipulation of the parties. On September 25, 1929, the decedent and the respondent entered into a contract pursuant to which the former agreed to purchase, and the latter undertook to sell and convey, certain lots in Staten Island. The purchase price was payable in installments, which were duly paid by the decedent for a time, after which default on her part occurred, and there now remains unpaid a balance of $832 on the contract price, exclusive of interest and taxes.

On April 25, 1933, the respondent conveyed the property in question to one Ruth Gifford Tysen. It has since reacquired the premises and is ready and willing to convey them to the executrix by deed in all respects complying with the requirements of the contract, on receipt of the balance of the purchase money.

No action was taken by the decedent or the executrix following the conveyance of April, 1933, and the stipulation fails to disclose that their position was in any way altered in relation to the matter during the intervening period.

The position of the executrix is that the conveyance of title by the respondent in 1933 amounted to a breach of the contract which relieved the decedent and her estate from any further liability thereon, while the respondent maintains that its only obligation was to be in a position to live up to the terms of its contract when the time of performance arrived. Both contentions are partially correct and partially erroneous.

It is well-established law in those jurisdictions which follow the doctrine of *Hochster* v. *De la Tour* (2 El. & B. 678) that in bilateral engagements a breach of contract occurs by the act of a party in " transferring or contracting to transfer to a third person an interest in specific land, goods, or in any other thing essential for the substantial performance of his contractual duties " or by " any voluntary affirmative act which renders substantial performance of his contractual duties impossible, or apparently impossible " (Am. Law Inst. Restatement of Law of Contracts, § 318, b, c).

Authorities exemplifying these principles are numerous. (See *Ga Nun* v. *Palmer,* 202 N. Y. 483, 489 *et seq.; James* v. *Burchell,* 82 id. 108, 113; *Windmuller* v. *Pope,* 107 id. 674, 675; *Nichols* v.

*Scranton Steel Co.*, 137 id. 471, 486; *Shaw* v. *Republic Life Ins. Co.*, 69 id. 286, 292; *Freer* v. *Denton*, 61 id. 492, 496; *Giarratano* v. *McIlwain*, 215 App. Div. 644, 646, 647; *Himebaugh* v. *Chalker*, 261 Mich. 80; 245 N. W. 576; *Mitchell* v. *Aimo*, 121 Cal. App. 50; 12 P. [2d] 1063; *Foler* v. *King*, [Tex.] 11 S. W. [2d] 360; *Jones* v. *Clemons*, 35 Ga. App. 552; 133 S. E. 744; *Adams* v. *Bridges*, 141 Ga. 418; 81 S. E. 203; *Moran & Co.* v. *Palmer*, 36 Wash. 684; 79 P. 476; *Warren* v. *Richmond*, 53 Ill. 52; *Little* v. *Thurston*, 58 Me. 86; *Hawkins* v. *Merritt*, 109 Ala. 261; 19 So. 589.)

The cases cited by the respondent to the effect that initial lack of title of one party to the property contracted to be sold is immaterial, are not in point. In such cases it is the understanding of the parties that the seller is to acquire or perfect title prior to the contract date. In the absence of fraud, the parties are presumed to have entered into their engagement having in mind the situation which exists at the time, and it is understood that the seller is to do those things necessary to complete his part of the bargain. The principles governing cases where the seller performs an affirmative act of disablement or expresses an intention not to be bound by the terms of his agreement, are wholly different. In the latter instances there is an express, and in the former, an implied, repudiation of the contract upon which the buyer is entitled to rely and of which, on purely equitable principles of estoppel, he may take advantage.

The essentially equitable nature of the right created, however, defines its limitations. This is well demonstrated in the comment designated " d " on the rules given, at page 476 of the Restatement: " d. The expression anticipatory breach is elleptical; it is the repudiation that is anticipatory, and the full expression would be breach by anticipatory repudiation. Such a breach justifies an immediate action, but unless an action is brought before the time fixed in the contract for the beginning of the wrongdoer's performance, or some material change of position taken in reliance on the repudiation, the breach does not have all the consequences of an ordinary breach of contract. An ordinary breach of contract that has once arisen cannot be utterly nullified or destroyed by any conduct of a defaulting party. Even though he so nearly performs his promise that no injury results, an action can be maintained and nominal damages recovered. In case of an anticipatory repudiation, however, withdrawal of it before either an action has been brought, or other change of position made by the other party to the contract nullifies all effects of the breach (§ 319)."

This comment is codified in the rules given in section 319 of the Restatement:

" The effect of repudiation is nullified

" (a) Where statements constituting such a repudiation are withdrawn by information to that effect given by the repudiator to the injured party before he has brought an action on the breach or has otherwise materially changed his position in reliance on them; or

" (b) Where facts other than statements constitute such repudiation and these facts have, as the injured party knows, ceased to exist before action brought or such change of position as is stated in Clause (a)."

This is but a restatement of the rule enunciated in *Frost* v. *Knight* (L. R. 7 Ex. 111) and quoted with other instances of its application in *Ga Nun* v. *Palmer* (202 N. Y. 483, 491, 492). That it is an integral part of the doctrine of anticipatory breach as applied in the State of New York has many times been demonstrated. (See *e. g.*, *Traver* v. *Halsted*, 23 Wend. 66, 70; *Bernstein* v. *Meech*, 130 N. Y. 354, 358; *Segall* v. *Finlay*, 245 id. 61, 64.)

The application of these principles to the case at bar will be obvious. The act of the respondent in conveying the property in question in April, 1933, amounted to an anticipatory breach of its contract with the decedent. Of this she might have taken advantage had she elected so to do, by instituting an action for damages for the breach. She failed to act and remained quiescent until her death, and her executrix has maintained the same attitude. By this course of conduct the tentative breach by the respondent was condoned on the facts stipulated, since the record is devoid of any intimation that the testatrix or her estate have in any wise altered their position in reliance upon the constructive repudiation of the contract by the respondent.

The latter has now repented of its repudiation and is ready and willing to perform. In this situation, since there is no suggestion of fraud or other tainting invalidity in the contract itself, the court has no alternative but to sustain it.

A declaration of the validity of the contract itself necessarily carries with it the right of the respondent to recover for those taxes which, according to the terms of the contract, it paid for the account of the decedent and her estate.

The respondent is presently entitled to recover from the estate all overdue installments of the contract price with interest, and the taxes and penalties paid for decedent's account. As to the installments not yet due, the demonstration made is a sufficient proof of the validity of an unmatured claim to warrant a direction that the executrix withhold from distribution sufficient to pay the several future installments as they mature. (Sur. Ct. Act, § 207; *Matter of Weisman*, 140 Misc. 360, 362.)

Enter decree on notice.