DOUGLAS *v.* LANGFORD.

No. 17061.   MAY 9, 1950.

*John L. Westmoreland* and *John L. Westmoreland Jr.*, for plaintiff in error.

*Mitchell & Mitchell* and *J. Kurt Holland*, contra.

ALMAND, Justice. █ As to count 1 of the petition, the plaintiff did not file any exceptions to the part of the order of December 6, 1947, sustaining two grounds of general demurrer to this count. That order established the law of the case, and unless the amendment of December 30, 1947, cured the fatal deficiencies existing in the original petition, it was subject to dis-

missal under the renewed demurrer. *Rivers* v. *Key*, 189 *Ga.* 832 (1) (7 S. E. 2d, 732) ; *Darling Stores Corp.* v. *Beatus*, 197 *Ga.* 125 (28 S. E. 2d, 124).

Reference to the pleadings, which are substantially set forth in the statement of facts, discloses that the amendment to this count added no new or substantial averments to the original petition, and failed to meet the defects pointed out by the general demurrer. It was therefore error for the court not to sustain the renewed demurrers to count 1 as amended. *Clark* v. *Ganson*, 144 *Ga.* 544 (87 S. E. 670).

■ We next consider the assignments of error on exceptions pendente lite, assigning error on the order of May 24, 1948, which order overruled the defendant's general and special demurrers to count 2 as amended. In the order of December 6, 1947, the court overruled the general demurrers and sustained certain special demurrers to this count. The defendant filed exceptions pendente lite more than twenty days after the date of this order, and therefore we cannot consider these assignments of error.

We construe the allegations in count 2 of the original petition as being an action at law for recovery of damages on account of the defendant's breach of contract, viz., his refusal to convey to the plaintiff a good and marketable title, and not as a petition to recover damages because specific performance was impossible, as provided for in the first part of Code § 37-807. See *Mobley* v. *Lott*, 127 *Ga.* 572 (1) (56 S. E. 637) ; *Turman* v. *Smarr*, 145 *Ga.* 312 (89 S. E. 214) ; *Armor* v. *Stubbs*, 150 *Ga.* 520 (104 S. E. 500) ; *Loewus* v. *Eskridge*, 175 *Ga.* 456 (165 S. E. 576) ; *Woodall* v. *Williams*, 176 *Ga.* 343 (167 S. E. 886).

The court in its order on special demurrers struck from the petition two paragraphs which enumerated defects in the defendant's title and alleged that the defendant had refused to make the plaintiff a good and marketable title, and that the defendant had repudiated the contract. This left count 2 in a situation where it alleged the existence of the contract of sale and damages to the plaintiff, but left this count without any allegations of fact as to what constituted a breach of the contract. *McDaniel* v. *Featherstone*, 135 *Ga.* 387 (69 S. E. 535). By amendment, the plaintiff added nine paragraphs to this

count, which in substance alleged: (a) the defendant does not have a good and marketable title to the described property; (b) the defendant has no title of any kind to the property; (c) the defendant refuses to do any act to establish a good and marketable title; (d) the defendant refuses to convey the title, even though defective; (e) even though the plaintiff has tendered the purchase-money to the defendant despite the defects, and requested compliance with the contract, the defendant has refused to convey title; and (f) the defendant has refused the offer of the plaintiff to bring an action to establish the fact that the defendant had a good and marketable title.

The sales contract in this case was not a contract that absolutely bound the plaintiff to buy or the defendant to sell as of the date of its execution, but performance was subject to the following conditions: (a) the furnishing of a good and marketable title by the defendant; (b) the allowance to the buyer of a reasonable time in which to examine the title; (c) if any defects were found, notice of such defects was to be furnished by the buyer to the seller; (d) the seller will give a reasonable time to correct the defects; (e) such legal papers as necessary to carry out the terms of the contract would be executed and delivered as soon as the validity of the title had been established.

The sale was inchoate, but would become binding upon the seller if within a reasonable time he offered the buyer a good and marketable title. *Manning* v. *Sams,* 143 *Ga.* 205 (2) (84 S. E. 451). Where there is an anticipatory breach of such a contract, the vendee has a choice of two remedies: (1) to accept the breach as tendered and sue for damages; or (2) to treat the contract as continuing until the time stated for performance and then sue for specific performance. *Gilleland* v. *Welch,* 199 *Ga.* 341 (1) (34 S. E. 2d, 517). "The contract was not an absolute agreement by the one party to convey a clear title to the land and by the other to buy, but was conditional. It bound the vendor to sell and the vendee to buy and make payment within the time fixed, on condition that the titles were clear. If the titles were not clear, the contract did not include a covenant on the part of the vendor to make them clear, or to procure a clear title. While he might not be heard to set up a defect in his title or his own default in conveying and delivering posses-

sion, if the vendee was willing to accept the title as clear and waive any defect, yet the vendor could not require the vendee to accept a title which was not clear, nor could the vendee occupy a position where, under the condition in the contract, he was not bound . . as on an unconditional contract to procure a clear title. . . When the vendee waits until after the expiration of the fixed time and then sues to recover the difference between the price named in the contract for the entire land and the market value thereof and the expenses of examining the title to the land, he must allege that the vendor had a clear title, or at least one which the plaintiff was willing to accept as a clear title." *Adams* v. *Bridges,* 141 *Ga.* 418 (81 S. E. 203).

In the original count 2, the breach alleged was the repudiation of the contract to convey to the plaintiff a good and marketable title. These allegations were stricken on demurrer. In his amendment, the plaintiff attempted to allege three acts on the part of the defendant as constituting a breach of the contract: (a) the defendant has no title to the property and refuses to do any act to correct the defect; (b) he refuses to convey the title to the plaintiff in its defective condition; and (c) he refuses either to bring an action or to allow the plaintiff to bring an action to clear up the defects. All of these alleged breaches are inconsistent with the breach alleged in the original petition, and likewise are inconsistent within themselves. If the defendant had no title to the property, any refusal on his part to convey a defective title would not constitute a breach of the contract. Nor would his refusal to bring an action to establish a good and marketable title be consistent with his refusal to convey a defective title. The amendment not only changes the cause of action, but substitutes other alleged breaches which are contradictory to one another. This count as amended failed to allege a cause of action against the defendant, and the court erred in overruling the defendant's demurrers. See, in this connection, *Macon & Birmingham Ry. Co.* v. *Walton,* 127 *Ga.* 294 (56 S. E. 419); *Adams* v. *Bridges,* 141 *Ga.* 418 (supra); *Jenkins* v. *Lane,* 154 *Ga.* 454 (115 S. E. 126); *Small* v. *Peacock,* 171 *Ga.* 475 (155 S. E. 754); *Adams* v. *Johnson,* 182 *Ga.* 478 (185 S. E. 805).

*Judgment reversed. All the Justices concur.*