72645. HILL v. McGARITY et al.
(347 SE2d 679)

BANKE, Chief Judge.

The appellant contracted to purchase approximately 102 acres of land from the appellees for $56,100. The contract specified a closing date of June 1, 1981, which was later extended in writing to July 1, 1981; however, the closing never occurred because a title examination revealed the existence of a security deed on the property securing an indebtedness in the amount of $80,000, which was, of course, more than the purchase price specified in the contract. This security deed had been executed by two of the 13 appellees, apparently without the knowledge of the others. After attempting unsuccessfully to "work something out" with the holder of the security deed, so as to obtain its cancellation without paying the entire amount of the indebtedness secured thereby, the appellees decided not to consummate the sale.

The present action was brought by the appellant to recover $2,539.34 which he had expended for a survey of the property and $355 which he had expended for the title examination. The appellant also sought attorney fees as expenses of litigation, based on the appellees' alleged bad faith and stubborn litigiousness. This appeal is from the grant of the appellees' motion for summary judgment.

The contract contained the following provisions with respect to the seller's obligation to convey title: "Seller warrants that he presently has title to said property, and at the time the sale is consummated, he agrees to convey good and marketable title to said property by general warranty deed subject only to (1) Zoning ordinances affecting said property, (2) General utility easements serving said property, (3) Subdivision restrictions of record, (4) Leases, other easements, other restrictions and encumbrances specified in this contract. . . . The Purchaser shall have reasonable time after acceptance of this contract in which to examine title and in which to furnish Seller with a written statement of objections affecting the marketability of said title. Seller shall have reasonable time after receipt of such objections to satisfy all valid objections and if Seller fails to satisfy such valid objections within a reasonable time, then *at the option [of] the Purchaser*, evidenced by written notice to Seller, this contract shall be

null and void." (Emphasis supplied.)

It is the position of the appellees, evidently accepted by the trial court, that, pursuant to the above language, they had no contractual obligation whatever unless they proved to be the owners of clear title to the property. *Held*:

1. The appellees unambiguously agreed to "convey good and marketable title to said property . . . ," subject only to certain exceptions which are not applicable to this litigation. They thereby obligated themselves to convey title which was both unencumbered (see *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 101 (97 SE2d 129) (1957)), and which was free of any such cloud as would prevent it from being sold to a reasonable purchaser or mortgaged to a person of reasonable prudence. See *Cowdery v. Greenlee*, 126 Ga. 786, 790 (55 SE 918) (1906); *Atlanta Title &c. Co. v. Erikson*, 67 Ga. App. 891, 894 (21 SE2d 548) (1942). The present case is thus distinguished from *Douglas v. Langford*, 206 Ga. 864 (59 SE2d 386) (1950), relied upon by the appellees, wherein the language of the contract made the existence of the obligation to sell conditional upon the sellers having clear title to the property.

2. We reject the appellees' contention that their failure to consummate the sale was excused by the appellant's failure to present them with a written statement of objections to the title, as contemplated by the terms of the contract. It is undisputed that the appellees were unable to remove the encumbrance created by the security deed by paying less than the full amount of the indebtedness which it secured and were unwilling to remove it by paying the full amount of the indebtedness. Thus, it would have availed them nothing to have been given written notice of the existence of the encumbrance. Furthermore, the contractual provision in question does not specify that a failure by the purchaser to provide a written statement of objections affecting the marketability of the title will relieve the seller of his obligation to provide clear title but provides merely that the right *of the purchaser* to declare the contract null and void based on the seller's failure to satisfy such objections is contingent upon the purchaser's making the objections in writing.

3. We similarly reject the appellees' contention that the appellant's right to recover for breach of the contract was defeated by his failure to tender the purchase price at closing, it being undisputed that the appellees were unwilling to transfer unencumbered title to the property in exchange for the purchase price specified in the contract. "A formal tender is unnecessary where the party to whom the tender is made responds with an unqualified refusal to perform which makes it clear that the tender will not under any circumstances be accepted. (Cits.)" *Leggett v. Todd*, 110 Ga. App. 41, 45-46 (137 SE2d 742) (1964).

4. For the foregoing reasons, we hold that the trial court erred in granting the appellees' motion for summary judgment.

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 3, 1986 —
REHEARING DENIED JULY 16, 1986 —

*J. Wayne Moulton*, for appellant.
*Stephen P. Harrison, Edea Caldwell*, for appellees.